UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL JERIMIAH SIMMS,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL HATHAWAY,<br>CHRISTOPHER FITZPATRICK,<br>DONNA BYRNES, and FRANK<br>RIVERA,<br><br>Defendants. | CASE NO. C23-5068 MJP<br><br>ORDER GRANTING MOTION TO<br>TRANSFER |

This matter comes before the Court on Defendants' Motion to Transfer. (Dkt. No. 36.) Having reviewed the Motion, Plaintiff's Response (Dkt. No. 38), and all supporting materials, the Court GRANTS the Motion.

Invoking 28 U.S.C. § 1404(a), Defendants ask the Court to transfer this action to the Eastern District of Washington. As Section 1404 explains, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all

ORDER GRANTING MOTION TO TRANSFER - 1

parties have consented." 28 U.S.C. § 1404(a). "Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (citation and quotation omitted). The Court must weigh multiple factors to determine whether transfer is appropriate. Id. Factors a court may consider include: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Id. at 498–99.

      The Court finds transfer appropriate under § 1404(a) for several reasons. First, the infraction Simms challenges was issued by staff at Airway Heights Corrections Center, which is in the Eastern District of Washington. Second, Plaintiff is now incarcerated at Airway Heights, and three of the four defendants, as well as potential witnesses, reside in the Eastern District. This means that the Eastern District will, by in large, be more convenient to the Parties and witnesses. Third, the Eastern District has every interest in hearing Simms's claims, particularly as it concerns conduct occurring within the District. Fourth, the Court does not believe that any of the Jones factors weigh in favor of keeping this matter in this District. Indeed, Simms does not contest transfer. Having considered the Jones factors, the Court finds that transfer is appropriate. The Court therefore GRANTS the Motion and TRANSFERS this action to the United States District Court for the Eastern District of Washington.

\\

The clerk is ordered to provide copies of this order to all counsel.

Dated April 1, 2025.

Marsha J. Pechman
United States Senior District Judge

ORDER GRANTING MOTION TO TRANSFER - 3