CASSIE B. vanROOJEN
Senior Counsel
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

KATRINA MANIS
Assistant Attorney General
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
509-456-3123

BRANDON FELDMAN
Feldman & Lee PS
604 West Meeker St., Ste. 206
Kent, WA 98032
253-859-2488

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL JERIMIAH SIMMS,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL HATHAWAY, CHRISTOPHER FITZPATRICK, DONNA BYRNES, and FRANK RIVERA,<br><br>Defendants. | NO. 2:25-CV-0102-TOR<br><br>STIPULATED PROTECTIVE ORDER (Granting ECF No. 43) |

I.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action is likely to involve

production of confidential, proprietary, or private information for which special

STIPULATED PROTECTIVE ORDER
NO. 2:25-cv-0102-TOR

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

1  protection from public disclosure and from use for any purpose other than

2  prosecuting this litigation may be warranted. Accordingly, the parties hereby

3  stipulate to and petition the court to enter the following Stipulated Protective

4  Order. The parties acknowledge that this Order does not confer blanket

5  protections on all disclosures or responses to discovery and that the protection it

6  affords from public disclosure and use extends only to the limited information or

7  items that are entitled to confidential treatment under the applicable legal

8  principles. The parties further acknowledge, as set forth in Section 12.3, below,

9  that this Stipulated Protective Order does not entitle them to file confidential

10  information under seal.

11  II.    DEFINITIONS

12       2.1    Challenging Party: a Party or Non-Party that challenges the

13  designation of information or items under this Order.

14       2.2    "CONFIDENTIAL" Information or Items: information (regardless

15  of how it is generated, stored or maintained) or tangible things that qualify for

16  protection under Federal Rule of Civil Procedure 26(c) and that can be disclosed

17  in redacted form to another Party or Non-Party without a substantial risk of

18  serious harm.

19       2.3    Counsel of Record: Attorneys who are retained to represent or

20  advise a party to this action and have appeared in this action on behalf of that

21  party or are affiliated with a law firm which has appeared on behalf of that party

22  (as well as their support staff).

1     2.4    Designating Party: a Party or Non-Party that designates information

2  or items that it produces in disclosures or in responses to discovery as

3  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

4  ONLY".

5     2.5    Disclosure or Discovery Material: all items or information,

6  regardless of the medium or manner in which it is generated, stored, or

7  maintained (including, among other things, testimony, transcripts, and tangible

8  things), that are produced or generated in disclosures or responses to discovery in

9  this matter.

10     2.6    Expert: a person with specialized knowledge or experience in a

11  matter pertinent to the litigation who (1) has been retained by a Party or its

12  counsel to serve as an expert witness or as a consultant in this action, (2) is not a

13  past or current employee of a Party or of a Party's competitor, and (3) at the time

14  of retention, is not anticipated to become an employee of a Party or of a Party's

15  competitor.

16     2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

17  Information or Items: extremely sensitive "Confidential Information or Items,"

18  disclosure of which to another Party or Non-Party would create a substantial risk

19  of serious harm that could not be avoided by less restrictive means.

20     2.8    Incarcerated Individual: a person presently in the custody of the

21  Washington State Department of Corrections, or a person who has been in the

22  //

STIPULATED PROTECTIVE ORDER     3     ATTORNEY GENERAL OF WASHINGTON
NO. 2:25-cv-0102-TOR                     Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

1    custody of the Washington the Washington State Department of Corrections at

2    any time since the filing of the Complaint in this action (February 3, 2023).

3        2.9    Non-Party: any natural person, partnership, corporation, association,

4    or other legal entity not named as a Party to this action.

5        2.10    Party: any party to this action, including all of its officers, directors,

6    employees, consultants, retained experts, and Counsel of Record (and their

7    support staffs).

8        2.11    Producing Party: a Party or Non-Party that produces Disclosure or

9    Discovery Material in this action.

10        2.12    Professional Vendors: persons or entities that provide litigation

11    support services (e.g., photocopying, videotaping, translating, preparing exhibits

12    or demonstrations, and organizing, storing, or retrieving data in any form or

13    medium) and their employees and subcontractors.

14        2.13    Protected Material: any Disclosure or Discovery Material that is

15    designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL –

16    ATTORNEYS' EYES ONLY."

17        2.14    Receiving Party: a Party that receives Disclosure or Discovery

18    Material from a Producing Party.

19    III.    SCOPE

20        The protections conferred by this Stipulation and Order cover not only

21    Protected Material (as defined above), but also (1) any information copied or

22    extracted from Protected Material; (2) all copies, excerpts, summaries, or

1   compilations of Protected Material; and (3) any testimony, conversations, or

2   presentations by Parties or their Counsel of Record that might reveal Protected

3   Material. However, the protections conferred by this Stipulation and Order do not

4   cover the following information: (a) any information that is in the public domain

5   at the time of disclosure to a Receiving Party or becomes part of the public

6   domain after its disclosure to a Receiving Party as a result of publication not

7   involving a violation of this Order, including becoming part of the public record

8   through trial or otherwise; and (b) any information known to the Receiving Party

9   prior to the disclosure or obtained by the Receiving Party after the disclosure

10  from a source who obtained the information lawfully and under no obligation of

11  confidentiality to the Designating Party. Any use of Protected Material at trial

12  shall be governed by a separate agreement or order.

13  IV.   <u>DURATION</u>

14      Even after final disposition of this litigation, the confidentiality obligations

15  imposed by this Order shall remain in effect until a Designating Party agrees

16  otherwise in writing or a court order otherwise directs. Final disposition shall be

17  deemed to be the later of (1) dismissal of all claims and defenses in this action,

18  with or without prejudice; and (2) final judgment herein after the completion and

19  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

20  including the time limits for filing any motions or applications for extension of

21  time pursuant to applicable law.

22

V.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

STIPULATED PROTECTIVE ORDER
NO. 2:25-cv-0102-TOR

6

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

1  protection under this Order must be clearly so designated before the material is
2  disclosed or produced.

3      Designation in conformity with this Order requires:

4      (a) <u>for information in documentary form</u> (e.g., paper or electronic
5  documents, but excluding transcripts of depositions or other pretrial or trial
6  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or
7  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that
8  contains protected material. If only a portion or portions of the material on a page
9  qualifies for protection, the Producing Party also must clearly identify the
10  protected portion(s) (e.g., by making appropriate markings in the margins) and
11  must specify, for each portion, the level of protection being asserted.

12      A Party or Non-Party that makes original documents or materials available
13  for inspection need not designate them for protection until after the inspecting
14  Party has indicated which material it would like copied and produced. During the
15  inspection and before the designation, all of the material made available for
16  inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'
17  EYES ONLY." After the inspecting Party has identified the documents it wants
18  copied and produced, the Producing Party must determine which documents, or
19  portions thereof, qualify for protection under this Order. Then, before producing
20  the specified documents, the Producing Party must affix the appropriate legend
21  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
22  ONLY") to each page that contains Protected Material. If only a portion or

portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have**

STIPULATED PROTECTIVE ORDER
NO. 2:25-cv-0102-TOR                        8                        ATTORNEY GENERAL OF WASHINGTON
                                                                    Corrections Division
                                                                    PO Box 40116
                                                                    Olympia, WA 98504-0116
                                                                    360-586-1445

1  signed the **"Acknowledgment and Agreement to Be Bound" (Exhibit A) are**

2  **present at those proceedings. The use of a document as an exhibit at a**

3  **deposition shall not in any way affect its designation as "CONFIDENTIAL"**

4  **or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

5  **Transcripts containing Protected Material shall have an obvious**

6  **legend on the title page that the transcript contains Protected Material, and**

7  **the title page shall be followed by a list of all pages (including line numbers**

8  **as appropriate) that have been designated as Protected Material and the**

9  **level of protection being asserted by the Designating Party. The Designating**

10  **Party shall inform the court reporter of these requirements. Any transcript**

11  **that is prepared before the expiration of a 21-day period for designation**

12  **shall be treated during that period as if it had been designated "HIGHLY**

13  **CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless**

14  **otherwise agreed. After the expiration of that period, the transcript shall be**

15  **treated only as actually designated.**

16  (c) for information produced in some form other than documentary and for

17  any other tangible items, that the Producing Party affix in a prominent place on

18  the exterior of the container or containers in which the information or item is

19  stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY". If only a portion or portions of the information or

21  item warrant protection, the Producing Party, to the extent practicable, shall

22  identify the protected portion(s) and specify the level of protection being

1    asserted.

2        5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

3    failure to designate qualified information or items does not, standing alone, waive

4    the Designating Party's right to secure protection under this Order for such

5    material. Upon timely correction of a designation, the Receiving Party must make

6    reasonable efforts to assure that the material is treated in accordance with the

7    provisions of this Order.

8    VI.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

9        6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

10    designation of confidentiality at any time. Unless a prompt challenge to a

11    Designating Party's confidentiality designation is necessary to avoid foreseeable,

12    substantial unfairness, unnecessary economic burdens, or a significant disruption

13    or delay of the litigation, a Party does not waive its right to challenge a

14    confidentiality designation by electing not to mount a challenge promptly after

15    the original designation is disclosed.

16        6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

17    resolution process by providing written notice of each designation it is

18    challenging and describing the basis for each challenge. To avoid ambiguity as to

19    whether a challenge has been made, the written notice must recite that the

20    challenge to confidentiality is being made in accordance with this specific

21    paragraph of the Protective Order. The parties shall attempt to resolve each

22    challenge in good faith and must begin the process by conferring directly (in

STIPULATED PROTECTIVE ORDER
NO. 2:25-cv-0102-TOR

10

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

1    voice to voice dialogue; other forms of communication are not sufficient) within

2    14 days of the date of service of notice. In conferring, the Challenging Party must

3    explain the basis for its belief that the confidentiality designation was not proper

4    and must give the Designating Party an opportunity to review the designated

5    material, to reconsider the circumstances, and, if no change in designation is

6    offered, to explain the basis for the chosen designation. A Challenging Party may

7    proceed to the next stage of the challenge process only if it has engaged in this

8    meet and confer process first or establishes that the Designating Party is

9    unwilling to participate in the meet and confer process in a timely manner.

10        6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge

11    without court intervention, the Designating Party shall file and serve a motion to

12    retain confidentiality under Local Civil Rule 7 within 21 days of the initial notice

13    of challenge or within 14 days of the parties agreeing that the meet and confer

14    process will not resolve their dispute, whichever is earlier. Each such motion

15    must be accompanied by a competent declaration affirming that the movant has

16    complied with the meet and confer requirements imposed in the preceding

17    paragraph. Failure by the Designating Party to make such a motion including the

18    required declaration within 21 days (or 14 days, if applicable) shall automatically

19    waive the confidentiality designation for each challenged designation. In

20    addition, the Challenging Party may file a motion challenging a confidentiality

21    designation at any time if there is good cause for doing so, including a challenge

22    to the designation of a deposition transcript or any portions thereof. Any motion

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

1  brought pursuant to this provision must be accompanied by a competent

2  declaration affirming that the movant has complied with the meet and confer

3  requirements imposed by the preceding paragraph.

4      The burden of persuasion in any such challenge proceeding shall be on the

5  Designating Party. Frivolous challenges and those made for an improper purpose

6  (e.g., to harass or impose unnecessary expenses and burdens on other parties)

7  may expose the Challenging Party to sanctions. Unless the Designating Party has

8  waived the confidentiality designation by failing to file a motion to retain

9  confidentiality as described above, all parties shall continue to afford the material

10  in question the level of protection to which it is entitled under the Producing

11  Party's designation until the court rules on the challenge.

12  VII.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

13      7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that

14  is disclosed or produced by another Party or by a Non-Party in connection with

15  this case only for prosecuting, defending, or attempting to settle this litigation.

16  Such Protected Material may be disclosed only to the categories of persons and

17  under the conditions described in this Order. Unredacted information or items

18  designated "CONFIDENTIAL" and all information or items designated

19  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be

20  disclosed to any Incarcerated Individual, including Parties, even if the

21  Incarcerated Individual has signed the "Acknowledgment and Agreement to Be

22  Bound" (Exhibit A). When the litigation has been terminated, a Receiving Party

STIPULATED PROTECTIVE ORDER         12        ATTORNEY GENERAL OF WASHINGTON
NO. 2:25-cv-0102-TOR                            Corrections Division
                                        PO Box 40116
                                 Olympia, WA 98504-0116
                                  360-586-1445

1   must comply with the provisions of section 13 below (FINAL DISPOSITION).

2       Protected Material must be stored and maintained by a Receiving Party at a

3   location and in a secure manner that ensures that access is limited to the persons

4   authorized under this Order.

5       7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

6   otherwise ordered by the court or permitted in writing by the Designating Party, a

7   Receiving Party's Counsel of Record may only disclose any information or item

8   designated "CONFIDENTIAL" in its redacted form. Unredacted

9   "CONFIDENTIAL" information or items shall not be disclosed to any

10   Incarcerated Individual. A Receiving Party's Counsel of Record may disclose

11   unredacted "Confidential" information only to:

12       (a) employees of the Receiving Party's Counsel of Record to whom it is

13   reasonably necessary to disclose the information for this litigation and who have

14   signed the "Acknowledgment and Agreement to Be Bound" that is attached

15   hereto as Exhibit A;

16       (b) Experts (as defined in this Order) of the Receiving Party to whom

17   disclosure is reasonably necessary for this litigation and who have signed the

18   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19       (c) the court and its personnel;

20       (d) court reporters and their staff, professional jury or trial consultants, and

21   Professional Vendors to whom disclosure is reasonably necessary for this

22   litigation and who have signed the "Acknowledgment and Agreement to Be

STIPULATED PROTECTIVE ORDER      13      ATTORNEY GENERAL OF WASHINGTON
NO. 2:25-cv-0102-TOR                         Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

1    Bound" (Exhibit A);

2        (e) during their depositions, witnesses (except Incarcerated Individuals) in

3    the action to whom disclosure is reasonably necessary and who have signed the

4    "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise**

5    **agreed by the Designating Party or ordered by the court**. Pages of transcribed

6    deposition testimony or exhibits to depositions that reveal Protected Material

7    must be separately bound by the court reporter and may not be disclosed to

8    anyone except as permitted under this Stipulated Protective Order.

9        (f) the author or recipient of a document containing the information or a

10   custodian or other person who otherwise possessed or knew the information.

11        7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

12   ONLY" Information or Items. Neither the records designated "HIGHLY

13   CONFIDENTIAL – ATTORNEYS' EYES ONLY" nor their contents shall be

14   disclosed to any Incarcerated Individual. Unless otherwise ordered by the court

15   or permitted in writing by the Designating Party, a Receiving Party's Counsel of

16   Record may disclose any information or item designated "HIGHLY

17   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

18        (a) employees of the Receiving Party's Counsel of Record to whom it is

19   reasonably necessary to disclose the information for this litigation and who have

20   signed the "Acknowledgment and Agreement to Be Bound" that is attached

21   hereto as Exhibit A;

22        (b) Experts of the Receiving Party (1) to whom disclosure is reasonably

STIPULATED PROTECTIVE ORDER
NO. 2:25-cv-0102-TOR                    14                    ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4)

STIPULATED PROTECTIVE ORDER
NO. 2:25-cv-0102-TOR

15

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

1   identifies the Expert's current employer(s), (5) identifies each person or entity

2   from whom the Expert has received compensation or funding for work in his or

3   her areas of expertise or to whom the expert has provided professional services,

4   including in connection with a litigation, at any time during the preceding five

5   years, and (6) identifies (by name and number of the case, filing date, and

6   location of court) any litigation in connection with which the Expert has offered

7   expert testimony, including through a declaration, report, or testimony at a

8   deposition or trial, during the preceding five years.

9       (b) A Party that makes a request and provides the information specified in

10  the preceding respective paragraphs may disclose the subject Protected Material

11  to the identified Expert unless, within 14 days of delivering the request, the Party

12  receives a written objection from the Designating Party. Any such objection must

13  set forth in detail the grounds on which it is based.

14      (c) A Party that receives a timely written objection must meet and confer

15  with the Designating Party (through direct voice to voice dialogue) to try to

16  resolve the matter by agreement within seven days of the written objection. If no

17  agreement is reached, the Party seeking to make the disclosure to the Expert may

18  file a motion as provided in Local Civil Rule 7 seeking permission from the court

19  to do so. Any such motion must describe the circumstances with specificity, set

20  forth in detail the reasons why the disclosure to the Expert is reasonably

21  necessary, assess the risk of harm that the disclosure would entail, and suggest

22  any additional means that could be used to reduce that risk. In addition, any such

STIPULATED PROTECTIVE ORDER
NO. 2:25-cv-0102-TOR

16

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

1    motion must be accompanied by a competent declaration describing the parties'

2    efforts to resolve the matter by agreement (i.e., the extent and the content of the

3    meet and confer discussions) and setting forth the reasons advanced by the

4    Designating Party for its refusal to approve the disclosure.

5         In any such proceeding, the Party opposing disclosure to the Expert shall

6    bear the burden of proving that the risk of harm that the disclosure would entail

7    (under the safeguards proposed) outweighs the Receiving Party's need to disclose

8    the Protected Material to its Expert.

9    VIII.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

10         <u>PRODUCED IN OTHER LITIGATION</u>

11        If a Party is served with a subpoena or a court order issued in other

12   litigation that compels disclosure of any information or items designated in this

13   action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

14   EYES ONLY" that Party must:

15        (a) promptly notify in writing the Designating Party. Such notification

16   shall include a copy of the subpoena or court order;

17        (b) promptly notify in writing the party who caused the subpoena or order

18   to issue in the other litigation that some or all of the material covered by the

19   subpoena or order is subject to this Protective Order. Such notification shall

20   include a copy of this Stipulated Protective Order; and

21        (c) cooperate with respect to all reasonable procedures sought to be

22   pursued by the Designating Party whose Protected Material may be affected.

STIPULATED PROTECTIVE ORDER              17
NO. 2:25-cv-0102-TOR

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

1    If the Designating Party timely seeks a protective order, the Party served

2    with the subpoena or court order shall not produce any information designated in

3    this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

4    ATTORNEYS' EYES ONLY" before a determination by the court from which

5    the subpoena or order issued, unless the Party has obtained the Designating

6    Party's permission. The Designating Party shall bear the burden and expense of

7    seeking protection in that court of its confidential material – and nothing in these

8    provisions should be construed as authorizing or encouraging a Receiving Party

9    in this action to disobey a lawful directive from another court.

10   IX.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

11          PRODUCED IN THIS LITIGATION

12   (a)    The terms of this Order are applicable to information produced by a

13   Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

14   CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced

15   by Non-Parties in connection with this litigation is protected by the remedies and

16   relief provided by this Order. Nothing in these provisions should be construed as

17   prohibiting a Non-Party from seeking additional protections.

18   (b)    In the event that a Party is required, by a valid discovery request, to

19   produce a Non-Party's confidential information in its possession, and the Party is

20   subject to an agreement with the Non-Party not to produce the Non-Party's

21   confidential information, then the Party shall:

22          1.    promptly notify in writing the Requesting Party and the

STIPULATED PROTECTIVE ORDER
NO. 2:25-cv-0102-TOR

18

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

1  Non-Party that some or all of the information requested is subject to a

2  confidentiality agreement with a Non-Party;

3          2.      promptly provide the Non-Party with a copy of the Stipulated

4  Protective Order in this litigation, the relevant discovery request(s), and a

5  reasonably specific description of the information requested; and

6          3.      make the information requested available for inspection by

7  the Non-Party.

8      (c)    If the Non-Party fails to object or seek a protective order from this

9  court within 14 days of receiving the notice and accompanying information, the

10  Receiving Party may produce the Non-Party's confidential information

11  responsive to the discovery request. If the Non-Party timely seeks a protective

12  order, the Receiving Party shall not produce any information in its possession or

13  control that is subject to the confidentiality agreement with the Non-Party before

14  a determination by the court. Absent a court order to the contrary, the Non-Party

15  shall bear the burden and expense of seeking protection in this court of its

16  Protected Material.

17  X.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

18      If a Receiving Party learns that, by inadvertence or otherwise, it has

19  disclosed Protected Material to any person or in any circumstance not authorized

20  under this Stipulated Protective Order, the Receiving Party must immediately (a)

21  notify in writing the Designating Party of the unauthorized disclosures, (b) use its

22  best efforts to retrieve all unauthorized copies of the Protected Material, (c)

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

1  inform the person or persons to whom unauthorized disclosures were made of all

2  the terms of this Order, and (d) request such person or persons to execute the

3  "Acknowledgment and Agreement to Be Bound" that is attached hereto as

4  Exhibit A.

5  XI.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

6         PROTECTED MATERIAL

7         When a Producing Party gives notice to Receiving Parties that certain

8  inadvertently produced material is subject to a claim of privilege or other

9  protection, the obligations of the Receiving Parties are those set forth in Federal

10  Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

11  whatever procedure may be established in an e-discovery order that provides for

12  production without prior privilege review. Pursuant to Federal Rule of Evidence

13  502(d) and (e), insofar as the parties reach an agreement on the effect of

14  disclosure of a communication or information covered by the attorney-client

15  privilege or work product protection, the parties may incorporate their agreement

16  in the stipulated protective order submitted to the court.

17  XII.   MISCELLANEOUS

18         12.1    Right to Further Relief. Nothing in this Order abridges the right of

19  any person to seek its modification by the court in the future.

20         12.2    Right to Assert Other Objections. By stipulating to the entry of this

21  Protective Order no Party waives any right it otherwise would have to object to

22  disclosing or producing any information or item on any ground not addressed in

1   this Stipulated Protective Order. Similarly, no Party waives any right to object on

2   any ground to use in evidence of any of the material covered by this Protective

3   Order.

4        12.3   <u>Filing Protected Material</u>. Without written permission from the

5   Designating Party or a court order secured after appropriate notice to all

6   interested persons, a Party may not file in the public record in this action any

7   Protected Material. Protected Material may only be filed under seal pursuant to a

8   court order authorizing the sealing of the specific Protected Material at issue. A

9   sealing order will issue only upon a request establishing that the Protected

10  Material at issue is privileged or otherwise entitled to protection under the law. If

11  a Receiving Party's request to file Protected Material under seal is denied by the

12  court, then the Receiving Party may file the Protected Material in the public

13  record unless otherwise instructed by the court.

14  XIII.  <u>FINAL DISPOSITION</u>

15        Within 60 days after the final disposition of this action, as defined in

16  Section IV, each Receiving Party must return all Protected Material to the

17  Producing Party or destroy such material. As used in this subdivision, "all

18  Protected Material" includes all copies, abstracts, compilations, summaries, and

19  any other format reproducing or capturing any of the Protected Material. Whether

20  the Protected Material is returned or destroyed, the Receiving Party must submit

21  a written certification to the Producing Party (and, if not the same person or

22  entity, to the Designating Party) by the 60-day deadline that (1) identifies (by

STIPULATED PROTECTIVE ORDER
NO. 2:25-cv-0102-TOR

21

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

RESPECTFULLY SUBMITTED this 13th day of June, 2025.

NICHOLAS W. BROWN
Attorney General

s/ Cassie B. vanRoojen
CASSIE B. vanRoojen
Senior Counsel
Corrections Division
Cassie.vanRoojen@atg.wa.gov
Attorney for Defendant

s/ Katrina Manis
KATRINA MANIS
Assistant Attorney General
Corrections Division
Katrina.Manis@atg.wa.gov
Attorney for Defendant

BRANDON FELDMAN
Feldman & Lee PS
604 West Meeker St., Ste. 206
Kent, WA 98032
253-859-2488
brandon.feldman@feldmanlee.com
Attorney for Plaintiff

STIPULATED PROTECTIVE ORDER
NO. 2:25-cv-0102-TOR

22

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2
     DATED: June 23, 2025.
3

4

5    _____
                    THOMAS O. RICE
6          United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

1 <u>EXHIBIT A</u>

2 <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3 I, _____ [print or type full name], of

4 _____ [print or type full address], declare

5 under penalty of perjury that I have read in its entirety and understand the

6 Stipulated Protective Order that was issued by the United States District Court

7 for the Eastern District of Washington on _____[date] in the case of

8 *Simms. v. Hathaway*, No. 2:25-cv-00102-TOR. I agree to comply with and to be

9 bound by all the terms of this Stipulated Protective Order and I understand and

10 acknowledge that failure to so comply could expose me to sanctions and

11 punishment in the nature of contempt. I solemnly promise that I will not disclose

12 in any manner any information or item that is subject to this Stipulated Protective

13 Order to any person or entity except in strict compliance with the provisions of

14 this Order.

15 I further agree to submit to the jurisdiction of the United States District

16 Court for the Eastern District of Washington for the purpose of enforcing the

17 terms of this Stipulated Protective Order, even if such enforcement proceedings

18 occur after termination of this action.

19 I hereby appoint _____ [print or type full name]

20 of _____ [print or type full address and

21 //

22 //

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445

telephone number] as my Washington agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445